**Steven Clay JACKSON, Petitioner–Appellant,**

v.

**Derral ADAMS, Warden California Substance Abuse Treatment Facility State Prison Corcoran; et al., Respondents–Appellees.**

No. 05–56645.

United States Court of Appeals, Ninth Circuit.

ed by 9th Cir. R. 36–3.

Submitted April 13, 2009.*
Filed Dec. 29, 2009.

David James Zugman, Burcham & Zugman, San Diego, CA, for Petitioner–Appellant.

Lilia E. Garcia, Esquire, AGCA—Office of the California Attorney General, San Diego, CA, for Respondents–Appellees.

Before: GRABER, GOULD, and BEA, Circuit Judges.

## ORDER

The memorandum disposition filed on April 17, 2009, 322 Fed.Appx. 546, is withdrawn. A replacement memorandum disposition will be filed concurrently with this order.

The pending petition for rehearing is granted and no further petitions for review will be entertained.

## MEMORANDUM **

California state prisoner Steven Clay Jackson appeals from the district court's judgment dismissing his 28 U.S.C. § 2254 habeas petition. Petitioner's October 5, 2008, notice of appeal is timely under the district court's order granting leave to file out of time. Fed. R.App. P. 4(a)(6). We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and we affirm.

Jackson argues that his confrontation clause objection is not procedurally defaulted under California law. We need not decide the procedural default issue because this claim fails on the merits. On de novo review, we hold that the trial court did not err in ruling that Jackson had an opportunity and the proper incentive to cross-examine his accusers in the preliminary hearing where the testimony of these witnesses and the investigating detective were heard before they became unavailable. See California v. Green, 399 U.S. 149, 151, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970). Even if there were a confrontation

---

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

clause violation, the error was harmless in light of Jackson's confessions and the other evidence of his guilt. *See Forn v. Hornung*, 343 F.3d 990, 999 (9th Cir.2003).

**AFFIRMED.**

